Dorothy L. HAYNES, Appellant,

v.

Helen I. COOLIDGE, Appellee.

No. 17721.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 10, 1963.

Decided March 12, 1964.

Mr. John E. Kennahan, Washington, D. C., with whom Messrs. Joseph D. Bulman, Sidney M. Goldstein and Arthur S. Feld, Washington, D. C., were on the brief, for appellant.

Mr. Francis L. Casey, Jr., Washington, D. C., for appellee.

Before BAZELON, Chief Judge, and FAHY and BURGER, Circuit Judges.

BAZELON, Chief Judge.

Our appellant Haynes was a passenger in an automobile driven by one Bones, in which the owner King was also a passenger when it collided with an automobile driven by our appellee Coolidge. They sued Coolidge. She denied negligence and alleged *inter alia*, that Bones' contributory negligence in operating the vehicle was attributable to King as the owner, and that both were therefore barred from recovery. No claim of contributory negligence was made against Haynes. After a trial, judgments on the jury's verdict were entered against all three plaintiffs.

Only Haynes appeals. She complains that since the court explicitly and extensively instructed the jury that contributory negligence could bar recovery by her co-plaintiffs, the court erred in refusing to charge explicitly that appellant, a mere passenger, would not be so barred.

The charge, which took approximately 45 minutes to deliver, emphasized the defense of contributory negligence on three separate occasions. The court first defined and re-defined contributory negligence, stating that Bones' negligence would bar both Bones and King. In the second reference later in the charge, the court explained the basis of the imputation of negligence between the driver and the owner-passenger, repeating the fact that neither driver nor owner could re-

cover if the driver were found negligent. At this point the jury well knew what contributory negligence was, that it could prevent recovery, that it could be imputed to others, and that the driver's negligence should be imputed to the owner-passenger. But the jury had not yet been told that it could not be imputed to appellant passenger.

In a third and final reference to contributory negligence, the court suggested that the jury proceed by deciding, first, whether defendant was negligent; second, if so, whether the negligence was a proximate cause of the damage; third, if so, whether Bones was guilty of contributory negligence. "If your answer to this question [of Bones' contributory negligence] is yes, then you find for the defendant against the plaintiffs Bones and King and *go to the question of damages as to the plaintiff Haynes*. If your answer to this question is no, that is, the plaintiff Dorothy M. Bones was not guilty of contributory negligence, then you go to the question of damages as to all of the plaintiffs." (Emphasis supplied.)

Thus only by implication, if at all, did the court indicate that Haynes *might* recover despite Bones' negligence, and nowhere did the court *direct* that Haynes recover if the first two questions were answered in the affirmative. Moreover the suggested procedure was misleading since there was no need to consider the third question before "go[ing] to the question of damages as to the plaintiff Haynes." Viewed in the total context of the instructions, we think this third reference did not remove, and may have enhanced, the possibility of confusion.

Appellant's trial counsel specifically objected to this inadequacy in the instruction: "It has been made quite clear that if there is a finding against Miss Bones, then it precludes King from recovery. It is not quite so clear if the jury makes this finding against Miss Bones that it does not preclude Mrs. Haynes from recovering."

In overruling this objection, however, the court said: "I don't think I can make it any clearer. I am sure they will have some trouble about it but I have made it as clear as I can."[1] Thus no further instruction was given.

Our view that the charge invited confusion is fortified by what transpired in the courtroom when the jury was polled. The first juror was asked whether his verdict was in favor of the defendant against each plaintiff. The following colloquy ensued:

"Juror Kiefer: Your Honor, I would like to ask one question. Should I answer yes or no?

"The Court: That is correct. Is this your verdict?

"Juror Kiefer: Well, there is one—

"The Court: Is this your verdict?

"Juror Kiefer: There is one part towards the last part I didn't quite get, I didn't understand too well.

"The Court: Will you repeat the verdict, Mr. Clerk.

"[The Deputy Clerk repeated the verdict and said:] Is this your verdict?

"Juror Kiefer: Yes."

1. This colloquy clearly reflects appellant's compliance with Rule 51, Fed.R.Civ.P., which provides in part:
  "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."
  In the light of the court's ruling on the objection there was no need for appellant to present a prepared supplementary instruction. We have held that Rule 51 should be read with Rule 46. Montgomery v. Virginia Stage Lines, 89 U.S.App.D.C. 213, 216, 191 F.2d 770, 773 (1951). Rule 46 provides in part: "It is sufficient that a party * * * makes known to the court the action which he desires the court to take or his objection to the action of the court and his grounds therefor * * *."

Kiefer's comment is not unambiguous, since his confusion might have been either with the charge or with the verdict as read. But the very existence of a possibility that he was confused about the charge tends to show that it needed clarification.

Reversed and remanded.