This is an automobile negligence case. The plaintiff, David H. Gardner, was a passenger in a car driven by Paul Miller which collided with a car driven by Fred Marvin Dorsey. Gardner sued both Dorsey and Miller for wantonness and simple negligence. The jury found in favor of defendant Dorsey against Gardner on both the wantonness and simple negligence counts. The jury found in favor of defendant Miller against Gardner on the wantonness count but in favor of Gardner against Miller on the simple negligence count and awarded him $500. The trial Judge granted Gardner an additur against Miller and denied Gardner's motion for a judgment n.o.v. against Dorsey. Gardner at first appealed both judgments but later dropped the appeal against Miller. This is the appeal against Dorsey. We reverse and remand for a new trial.
Gardner argues four issues. First, the trial Judge should not have granted Dorsey's requested instructions to the effect that the jury could not find for the plaintiff against Dorsey under the negligence count of the complaint if they were reasonably satisfied that the injury to the plaintiff was caused in part by the negligence of Miller. Second, the Court erroneously instructed the jury that any negligence on the part of Miller was imputable to Gardner so as to bar Gardner from recovery against Dorsey on the ground of contributory negligence. Third, a rehabilitation counselor who was assisting Gardner establish a rehabilitation program should have been allowed to testify as to his opinion on Gardner's diminished earning capacity. Finally, the verdict was against the preponderance of the evidence.
Our reversal of the trial Court's judgment is based upon Gardner's first and second issues. These issues relate to the trial Judge's oral instruction to the jury and Dorsey's Requested Charge Number Three, both of which stated that any negligence of the driver, Miller, was imputable to his passenger, Gardner, so as to bar Gardner's recovery from Dorsey on the ground of contributory negligence. Since our reversal is based on these issues alone, we find it unnecessary to discuss the other issues presented in this appeal.
Requested Charge Number 3 reads as follows:
 "The Court charges the jury that you cannot find for the plaintiff, David H. Gardner, against the defendant, Fred Marvin Dorsey, under Count Two [the negligence count] of the complaint if you are reasonably satisfied from the evidence that the injury of which plaintiff, David H. Gardner, complains was in part caused by the negligence of the driver of the vehicle in which plaintiff was riding, Paul St. Clair Miller."
This instruction is a misstatement of substantive law. The rule for imputing a driver's negligence to his passenger is well established in Alabama. A correct statement of the law is found in Johnson v. Battles, 255 Ala. 624, 52 So.2d 702 (1951):
 ". . . in order to create the imputation of negligence of the driver to the passenger, the passenger must have assumed control and direction of the vehicle or must have some right to a voice in the control, management or direction of the vehicle."
Since the instruction did not include this explanation, but only stated that any negligence of Miller was imputable to Gardner, the instruction misstated the law.
Gardner's objection to the Requested Charge was:
 "I want to except to The Court giving Requested Charge Number 3 for the defendant, *Page 636 
Fred Marvin Dorsey, Civil Action Number 73-658, in that it is misleading. It assume an agency relationship or joint enterprise. There has been no testimony as to agency relationship or joint enterprise of the Defendant Paul St. Clair Miller and the Plaintiff, David H. Gardner."
This objection is specific enough to preserve the trial Judge's error on the requested charge; therefore, the error requires a reversal of this case.
We also hold that the oral charge of which Gardner complains requires a reversal of this case. The oral instruction of which Gardner complains occurred after the closing of the case when the jury interrupted its deliberation to ask the following questions:
 "What is the definition of guest and passenger? How does each, guest and passenger, relate to wanton and simple negligence?"
In response thereto the trial Judge instructed the jury:
 ". . . [I]f you determined that he [Gardner] was a guest and that Miller was contributorily negligent, then you could not find against Dorsey on the simple negligence count . . . I will try to repeat it. If you find that the Plaintiff was a guest in Miller's car and if you find that Miller was guilty of simple negligence which contributed to the accident, then you could not find against Dorsey on the simple negligence count, but you could on the wanton count, because contributory negligence is not a defense to a wanton act . . ."
Again, this instruction is a misstatement of substantive law.Johnson v. Battles, supra.
Dorsey concedes the instruction was erroneous, but he contends that Gardner did not properly preserve the error for review because his objection did not state grounds. Dorsey relies upon ARCP 51, which states in pertinent part:
 "No party may assign as error the giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection."
The objection which Gardner's attorney entered to the oral instruction is as follows:
 "The Plaintiff excepts to that portion of The Court's oral charge where The Court instructed the Jury that if they found that the Plaintiff was a guest, then any negligence of the Defendant Miller would be attributed to the Plaintiff Gardner and would bar his recovery under contributory negligence. I also except to The Court failing to instruct that any benefit conferred on the driver or for the mutual benefit of the driver and the rider would take the case out of the guest statute and make the Plaintiff a passenger."
The purpose of stating grounds for objections is to give the trial court an opportunity to correct the instructions and to avoid the waste of time and money from reversals that result from oversight, technical omissions, or remedial mistakes. NewOrleans Northeastern R. Co. v. Hewett Oil Co., 341 F.2d 406
(5th Cir. 1965). Several federal cases which have considered the question whether a particular objection was sufficient to preserve error under FRCP 51 have found that a specific objection alone, without stated grounds, is sufficient where it adequately informed the trial judge of his error and afforded him an opportunity to correct it. Haynes v. Coolidge, 118 U.S.App.D.C. 348, 336 F.2d 736 (1964).
We find that the objection in the instant case adequately informed the trial Judge *Page 637 
of his error and afforded him an opportunity to correct it because of the specificity of the objection and the particular nature of the trial Court's error. It is significant that Gardner's attorney pointed out and recited exactly the portion of the charge which he found objectionable.
Specificity has been regarded as extremely important by federal cases interpreting FRCP 51. Most cases draw a distinction between objections which recite portions of instructions and those which simply refer to instructions by number. An example is Delancey v. Moticheck Towing Service,Inc., 427 F.2d 897 (5th Cir. 1970). There, an objection in the form, "In regard to defendant's submitted special charges 5 and 6 we would like to object to the court having given those charges", was held insufficient to preserve error, while an objection specifically pointing out the "failure of the court to instruct, or define the term `wilful misconduct'" was within Rule 51, even though no grounds were stated.
This is not to say that the practice of specifically reciting objectionable portions of a charge will normally relieve a party from stating grounds for objection; however, this case is an exception because of the nature of the error involved. The trial Judge's instruction in the instant case misstated a point of substantive law. Federal courts, in narrow and limited circumstances, have held that misstatements of substantive law in jury instructions can be preserved for review without specifically stating grounds for objection.
In a case remarkably similar to the instant case, the Second Circuit ruled that a plaintiff's counsel successfully preserved for review a trial court's erroneous instruction imputing the contributory negligence of a driver to his passenger simply by taking exception "to that portion of your Honor's charge wherein you stated that if the jury found the plaintiff . . . guilty of contributory negligence then the other plaintiffs could not recover." Although the passenger's counsel listed no grounds for his objection, the Second Circuit held that his exception was sufficient to comply with Rule 51 "at least where as here the court was sitting in the state of governing law."Di Bari v. Fish Transport, 275 F.2d 280 (2d Cir. 1960). In other words, the Second Circuit presumed that trial judges sitting in the state of governing law are familiar with applicable substantive law; therefore, simply pointing out a misstatement is sufficient to put a judge on notice of his error. We believe that this is a valid presumption to apply to state judges as well as federal judges.
To hold otherwise is to test the imagination of the objecting party in formulating his grounds. Indeed, what would he state as grounds for his objection to a misstatement of substantive law, as here, other than to say, "Your Honor, that is not the law"? Surely, the Rule does not contemplate that the objecting party, in order to preserve for review an erroneous instruction, is required to deliver a discourse before the trial judge on the applicable law of the case. See Taylor v.Denver and Rio Grande Western R. Co., 438 F.2d 351 (10th Cir. 1971). Accordingly, we hold that Gardner's counsel sufficiently preserved error on the guest statute instruction and the erroneous instruction requires a reversal of this case.
REVERSED AND REMANDED.
HEFLIN, C.J., and MERRILL, MADDOX and SHORES, JJ., concur. *Page 638