[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 177 
This is an automobile negligence case. The plaintiff, Troy Pitts, was passenger and owner of a car driven by his wife, Lennis Pitts, which collided with a car driven by Johnny Wayne Hulsey. Mr. Pitts sued Mr. Hulsey for wantonness and simple negligence. Hulsey denied guilt of any wanton or negligent conduct and raised by way of defense Mrs. Pitts' contributory negligence. The jury returned a verdict in favor of the defendant, Mr. Hulsey, and Mr. Pitts appealed.
The collision occurred on a narrow, unpaved road in Lamar County near the foot of a hill. The usual path of traffic where the collision occurred was in the middle of the road.
Mr. Hulsey came from over the top of the hill; he said he could not see the Pitts' vehicle until he topped the crest of the hill. He admitted he was traveling approximately thirty miles per hour. Mrs. Pitts said she could not see the Hulsey vehicle until it came over the hill. She said she was traveling about fifteen miles per hour.
The testimony regarding the position of the two vehicles in the road was hotly disputed. Mrs. Pitts and her witnesses said that she had been traveling to her right of the road, rather than in the middle, and that the Hulsey car left skid marks in the middle of the road. Mr. Hulsey and his witnesses testified that he had been traveling to his right of the road and that the Pitts' vehicle was in the middle of the road when he hit it. The force of the impact pushed the Pitts' car into the ditch on her right, and his car left skid marks on his right side of the road rather than the middle.
The issues raised by Mr. Pitts deal with the trial court's charge to the jury on contributory negligence and imputed contributory negligence. Pitts argues the trial court committed reversible error in its charge to the jury mainly in three areas:
 1. The oral charge singled out and gave undue prominence to certain of the defendant's evidence.
 2. The oral charge on contributory negligence was erroneous in that it was an inaccurate statement of law.
 3. The oral charge on imputed contributory negligence was erroneous in that it is a misstatement of law and it invaded the province of the jury.
We must first determine in each instance whether the plaintiff properly preserved any error the trial court may have made in its charge to the jury by complying with the requirements of Rule 51, ARCP. The sum of appellee-Hulsey's argument in brief is that Pitts failed to comply with Rule 51.
Rule 51 provides in pertinent part:
 ". . . No party may assign as error the giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection."
Pitts' attorney made the following exceptions to the trial court's oral charge. This quotation, as well as other quotations from the record appearing in this opinion, was taken verbatim from the record and no attempt was made to correct the errors contained therein:
 "Let the record show we presented a motion to strike the plea of contributory negligence and that was refused and we except and object to the portion of the oral charge hereto which the Court gave on contributory negligence in this case. We object to the portion of the oral *Page 178 
charge where the Court instructed the jury regarding where she did not get on her side of the road. We except to the portion where the Judge charged the jury that she was the plaintiff and could not recover. We object to the portion wherein the Court said it was not negligence per se, this violates the rules of the road as to the part of contributory negligence. We object to Court explaining charge that as result of the wreck and she was driving Mr. Pitts could not hide behind that as that can be rebutted by evidence. We object to the portion wherein the Court comments on the evidence that Mrs. Pitts was driving the car and whether it was done with his consent. There was not evidence she was driving the car without her husband consent. We except to the family purpose doctoring portion of the charge as family purpose doctoring has not part in this case and should not be considered by the jury. We except to the portion of the charge on joing venture when Court explained. There was no joint venture, there was nothing said before or after she entered the driver's side of the car. We except to last portion wherein the Court charged on contributory negligence."
The difficulty Pitts encounters with regard to Rule 51 on appeal is his failure to state grounds for his objections. The general rule is that in order to preserve error made in jury instructions for review on appeal the complaining party not only must have objected to the charge but also must have stated adequate grounds for the objection as required by Rule 51, ARCP. Great Northern Land and Cattle, Inc. v. Firestone Tire Rubber Co., Ala.Civ.App., 337 So.2d 1323 (1976). However, both this court and our supreme court, while adhering to the general rule, have recognized and allowed exceptions in specific instances.
Pitts maintains that in giving its charge on contributory negligence the trial court unduly emphasized certain evidence adduced by Hulsey regarding the position of the Pitts' vehicle in the road, yet failed to make reference to Pitts' conflicting evidence. The pertinent portion of Pitts' objection seems to be:
 "We object to the portion of the oral charge where the Court instructed the jury regarding where she did not get on her side of the road."
This court rejected a similar objection in State Farm MutualAutomobile Insurance Co. v. Wright, 57 Ala. App. 356,328 So.2d 608 (1976). There the appellant did object to a portion of the charge which the appellant alleged commented on the evidence. However, since that was not stated as the ground of the objection, this court refused to review the charge.
Our supreme court has articulated the reason for requiring an objecting party to state the grounds for objection in Gardnerv. Dorsey, Ala., 331 So.2d 634 (1976), at page 636:
 "The purpose of stating grounds for objections is to give the trial court an opportunity to correct the instructions and to avoid the waste of time and money from reversals that result from oversight, technical omissions, or remedial mistakes."
The court then stated the exception, i.e. that strict compliance with Rule 51 by requiring grounds of objection is not necessary to preserve error where the objection made is specific, adequately informs the trial court of its error, and affords an opportunity for the trial court to correct the error. See also Great Northern, supra.
Here plaintiff's objection, although specific, did not adequately inform the trial judge of the alleged error. A reading of the objection in context indicates the instruction somehow relates to contributory negligence. Yet in brief the complaint is that the charge unduly emphasizes a portion of the evidence. Nor does it appear that this objection afforded the trial judge an opportunity to correct its error, if any. Therefore, Pitts has not preserved the error, if error it be, for our review.
Pitts' second issue is whether the trial court's charge on contributory negligence was erroneous. Again we must first *Page 179 
determine whether any error in this respect was properly preserved.
The only exception to the trial court's charge on contributory negligence appears to be:
 ". . . [W]e except and object to the portion of the oral charge hereto which the Court gave on contributory negligence in this case. . . . We except to last portion wherein the Court charged on contributory negligence."
No grounds for error were assigned.
Here again the objection cannot fall within the exception stated in Gardner v. Dorsey, supra, and Great Northern, supra.
The objection was general, rather than specific, and in no way informed the trial court of any error.
It is possible that the following language in Gardner v.Dorsey, supra, could be construed as relieving the objecting party of its required burden to adequately inform the trial court where the court's instruction erroneously states the substantive law being charged:
 "This is not to say that the practice of specifically reciting objectionable portions of a charge will normally relieve a party from stating grounds for objection; however, this case is an exception because of the nature of the error involved. The trial Judge's instruction in the instant case misstated a point of substantive law. Federal courts, in narrow and limited circumstances, have held that misstatements of substantive law in jury instructions can be preserved for review without specifically stating grounds for objection." 331 So.2d at 637.
Pitts contends the charge erroneously states the substantive law. However, we construe this language to mean that the judge is presumed to be familiar with the applicable substantive law; therefore, simply pointing out a misstatement is sufficient to put a judge on notice of his or her error. The court continues:
 "To hold otherwise is to test the imagination of the objecting party in formulating his grounds. Indeed, what would he state as grounds for his objection to a misstatement of substantive law, as here, other than to say, `Your Honor, that is not the law'? Surely, the Rule does not contemplate that the objecting party, in order to preserve for review an erroneous instruction, is required to deliver a discourse before the trial judge on the applicable law of the case." 331 So.2d at 637.
Without doubt there is a considerable difference between the objection in question and requiring plaintiff's lawyer "to deliver a discourse before the trial judge on the applicable law of the case." Furthermore the objections made in Gardner
were quite specific, which is not the case here. To hold that this objection is sufficient to preserve error would, in effect, establish a "practice of specifically reciting objectionable portions of a charge [thereby relieving] a party from stating grounds for objection." 331 So.2d at 637. This we do not do. Hence no error was preserved for review.
Pitts finally claims the trial court should be reversed because of its charge on imputed contributory negligence. He says not only is the charge a misstatement of law, but additionally the effect of the charge on bailment, the presumption regarding Mrs. Pitts' agency on behalf of her husband, the family purpose doctrine, and whether Mr. and Mrs. Pitts were engaged in a joint venture was to remove from the jury's consideration the question whether Mrs. Pitts' contributory negligence could be imputed to her husband.
A careful reading of Pitts' objection to the trial court's charge, set out above, indicates that the bulk of his objection was aimed at the imputed negligence charge, and that he assigned grounds for his objection with sufficient specificity to inform the trial court of its error. Thus any error on the part of the trial court is preserved for our review.
The charge on imputed contributory negligence as revealed in the record is as follows:
 "There was a question here that came up about bailment, members of the jury, *Page 180 
because Mrs. Pitts was driving the car of her husband. That law is that: That arises from the ownership of the vehicle a legal presumption that the driver of the vehicle was operating it as the owner's agent or servant and that the driver was acting within the line and scope of his authority or employment as the owner's agent or servant. You heard the testimony there, she said she drove this car at various times. She drove it various times when he was along. She drove it that way sometimes because his back was hurt. But there is no evidence here that it was not done with Mr. Pitt's consent, that he was along, it was his automobile, this was his wife and any operation that she did as a matter of law is that she was driving with his consent. She was driving with his consent and therefore if she was gulty of negligence then Mr. Pitts could not hide behind that, he couldn't say, no, I can't go along with that my wife was driving. I charge you that if she was guilty in any way then Mr. Pitts here could not say there was no bailment here, she was not my agent, there was no presumption, she was driving with my consent.
 "I might add this, members of the jury, so you might understand all the law. Alabama does not follow the family purpose doctrine. It was once. We all argued back here a few years ago that if the person was a member of the household, like your son or daughter gets the car and goes out on a date, that there was a presumption there of agency because they were a member of the family, but that is not true. In a case here in Fayette, Ala. was the first case that opened it up and then a case up in Marshal County in which the Supreme Court says there is no family doctrine. And it means this, that if you or any member of your family has your car to go out on a date, if that young man or young girl has a wreck, then the father is not responsible unless the law is, unless he knew that girl or boy or anyone else was an incompetant driver. That is known as Family purpose clause. That is what we used to go on but you don't have that here. The owner of the car was along on this occasion and it was a joint adventure. They went to see his mother, which would be the driver of the car mother-in-law and they left there and went back home, joint venture, going to the nursing home and a joint venture going back home. There was nothing said there about don't you drive this car. I am going into details because I want the jury to understand. Every bit of the law that applies to a case because you need to have it all, so therefore the Court says that you can consider the plea of contributory negligence and it is for you to say whether or not Mrs. Pitts did anything on this occasion while the husband was along that contributed. Was she on her side of the road, was she in the middle of the road, did she give the other car his part of the road, did she stop or did she give him enough room to get by on. That is for you to say whether or not those things existed. It is not for me to say, it is not for the attorneys to say because that is in your province and your province only."
Pitts says the trial court should be reversed for charging the jury on the family purpose doctrine. The answer is that the trial court did not instruct on that doctrine. The judge merely said that Alabama at one time recognized the family purpose doctrine but that it is no longer the law in this state. While the digression perhaps made the charge more difficult to follow, it does not call for reversal.
With regard to what Pitts' attorney phrases as the question of bailment, the court gave the following instruction to the jury:
 ". . . That arises from the ownership of the vehicle a legal presumption that the driver of the vehicle was operating it as the owner's agent or servant and that the driver was acting within the line and scope of his authority or employment as the owner's agent or servant."
It appears this statement was taken from Foster v. Floyd,276 Ala. 428, 163 So.2d 213 *Page 181 
(1964). The Foster statement has been adopted by our supreme court as charge 3.08, "Owners Present in Vehicle," Alabama Pattern Jury Instructions — Civil. The charge therefore correctly stated the substantive law.
In connection with the same charge, Pitts further contends that the trial court in effect instructed the jury that Mrs. Pitts was driving with Mr. Pitts' consent, thereby establishing the fact of agency. Pitts maintains that the question of agency was for the jury, not the trial court, to decide. We agree.
In Smith v. Johnson, 283 Ala. 151, 214 So.2d 846 (1968), a wife had driven her husband's car from Gadsden to Fort Payne. In route she collided with a truck. The husband, who was not in the automobile at the time of collision, brought suit against the driver of the truck for damages to his car. The trial court charged the jury that if it found contributory negligence on the part of the wife, the husband could not recover. The effect of the charge was to take from the jury the question of agency between the husband and wife. The supreme court found that the wife's testimony concerning the circumstances in which she was driving the car was not contradicted nor had her credibility been questioned. Her testimony was enough to overturn the presumption arising from the husband's ownership of the vehicle that the wife had been acting as her husband's agent at the time of the collision. Since the presumption had been rebutted, the trial court committed prejudicial error by giving the charge complained of and the judgment was reversed.
In the case at bar, both Mr. and Mrs. Pitts testified that although the car involved in the collision with Mr. Hulsey was owned by Mr. Pitts, Mrs. Pitts usually drove the car. Prior to the accident, they had not discussed who would drive; instead they had simply walked to the car, Mrs. Pitts got in on the driver's side and Mr. Pitts entered the car on the passenger's side. This testimony was neither contested nor contradicted.
As in the Smith case, we think this evidence was sufficient to rebut the presumption of agency and therefore the question of agency should have been presented to the jury. Instead, the trial court told the jury they had to conclude that Mrs. Pitts was driving as Mr. Pitts' agent. This, we think, invaded the province of the jury. For such prejudicial error, the trial court must be reversed.
Furthermore the trial judge told the jury that it must find that Mrs. Pitts was driving with the consent of Mr. Pitts. Mr. and Mrs. Pitts' testimony in no way compelled such a conclusion; the jury just as easily could have inferred that no consent had been given. Therefore, the trial court reversibly erred by instructing the jury on the question of consent. InAlabama Power Co. v. Guy, 281 Ala. 583, 206 So.2d 594 (1967), our supreme court said, at 281 Ala. 593, 206 So.2d at 602:
 "Unless the evidence is entirely free from doubt or adverse inference, the question is one for the jury;. . . ."
It is for the jury, not the trial judge, to determine the credibility of the evidence and resolve any conflicts that appear, to find the facts, to apply the law as given in the charge to the facts, and to express their conclusion in their verdict. Merchants Bank v. Cotton, 289 Ala. 606, 269 So.2d 875
(1972); Cook v. Sweatt, 282 Ala. 177, 209 So.2d 891 (1965).
The same is true with the court's charge on joint venture. Rather than instructing the jury as to what constitutes a joint venture, and leaving the jury to decide from the facts whether Mr. and Mrs. Pitts were actually engaged in a joint venture, the trial court told the jury that Mr. and Mrs. Pitts were on a "joint adventure," again erroneously invading the province of the jury. Cf. Crescent Motor Co. v. Stone, 211 Ala. 516,101 So. 49 (1924).
For the errors committed in the charge to the jury, the trial court's judgment is reversed and the cause remanded.
REVERSED AND REMANDED.
WRIGHT, P.J., and HOLMES, J., concur. *Page 182