This is an appeal from a judgment for the Allied Mills Company in a personal injury action. We affirm.
Wayne Nelms raised broiler chickens from chicks to seven to eight weeks of age under contract with Allied Mills. When the chickens were seven to eight weeks old, Allied Mills would send a crew to Nelms' farm to catch the chickens and place them in coops. These coops were then stacked on a pallet and placed in the hauling truck by a forklift. The forklift was brought to the farm on a loader truck and unloaded using two loader ramps.
On the night of July 21, 1976, a crew came to load the chickens. Cotton Cheek, an employee of the Wayne Poultry Division of Allied Mills, was driving the forklift at a rapid rate within the chicken house. Another employee and Nelms were sitting on the ramps of the loader truck close to the area where the forklift was being used. Nelms apparently was not paying attention to the forklift and when it came very close to him, possibly hitting the ramp, he fell off the ramp and injured himself.
Nelms sued Allied Mills for personal injuries he alleged resulted from the negligence of its employees. Nelms' wife joined as a party plaintiff. The case was tried to a jury and Nelms objected to portions of the oral charge to the jury. The jury returned a verdict for Allied Mills. Nelms' motion for new trial was denied and he appeals.
We are asked on appeal to hold certain parts of the trial judge's oral charge to the *Page 154 
jury erroneous. Nelms contends that the following portion of the charge was misleading because it presumed the existence of a dangerous condition which was a question of fact for the jury, placed too great a burden of vigilance on Nelms, and confused the concepts of contributory negligence and assumption of the risk:
 If the Defendant has reasonably satisfied you, the Jury, by the evidence in this case that the Plaintiff, Wayne Nelms, had knowledge of the existence of the dangerous condition out there, that the Plaintiff appreciated and recognized such danger, and that the Plaintiff failed to exercise reasonable care for his own safety and put himself in the way of such known danger, then the Plaintiff, Wayne Nelms, would have been guilty of contributory negligence, and this would end your deliberation, and your verdict would be for the Defendants.
Out of the presence of the jury, but before it retired to consider its verdict, Nelms' attorney objected to the above portion of the oral charge as follows:
 We respectfully except to the Court's Oral Charge, and we except to that portion of the Oral Charge where it states that the burden is on Wayne Nelms, and also on Cotton Cheek, to not injure another person or property. The burden is on the Plaintiff — under this charge, the burden — it would place an extra burden on the Plaintiff, even though the Plaintiff is where he had a right to be, and he was passive and not doing anything at the time of the alleged negligence; that Cotton Cheek was the activist, and doing the moving, and the person driving the loader at the time when he was operating the loader. We say that puts two — an extra heavy burden on the Plaintiff, and does not take into consideration the fact the Plaintiff was where he had a right to be. We respectfully except to that portion of the Court's Charge.
Rule 51 of the Alabama Rules of Civil Procedure provides in pertinent part, that:
 No party may assign as error the giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection. [Emphasis added.]
The purpose for requiring statement of grounds for an objection or exception to an oral charge is said to be to allow the trial court an opportunity to correct the instructions and to avoid the waste of time and money from reversals resulting from oversight, technical omissions, or remedial mistakes. Hosey v.Seibels Group, South Carolina Insurance Company, 363 So.2d 751
(Ala. 1978); Feazell v. Campbell, 358 So.2d 1017 (Ala. 1978);Gardner v. Dorsey, 331 So.2d 634 (Ala. 1976); Pitts v. Hulsey,344 So.2d 175 (Ala.Civ.App. 1977). The general rule to preserve error in jury instructions for appellate review is that in addition to objecting to the charge, the complaining party must have stated adequately specific grounds as a basis for the objection. Pitts v. Hulsey, supra; Great Northern Land andCattle Inc. v. Firestone Tire Rubber Company, 337 So.2d 1323
(Ala.Civ.App. 1976). While the general rule has been adhered to in specific instances, objections have been allowed without stated grounds where the objection which was made was specific, adequately informed the trial court of its error, and afforded an opportunity for that court to correct the error. Gardner v.Dorsey, supra; Pitts v. Hulsey, supra.
Examination of Nelms' objection to the specified portion of the charge indicates that the grounds asserted on appeal were not voiced when the objection was raised. The objection did not adequately inform the trial judge of the alleged errors of presumption of a dangerous condition and confusion of the elements of contributory negligence and assumption of the risk. Reading the objection it appears that Nelms believed the charge to be erroneous because it placed too great a burden on him in that Cotton Creek was the active party and did not consider that he was where he had a right *Page 155 
to be when he was injured. This is considerably different from the argument presented on appeal that the trial court presumed the existence of a condition which was actually a disputed fact and that it charged on assumption of risk elements while discussing contributory negligence. The objection did not afford the trial judge an opportunity to correct any possible error he made in charging the jury. These potential errors thus were not preserved for a review.
Nelms also contends the charge was misleading because it placed too great a burden of vigilance on him. It is not apparent from the language used in phrasing his objection and the explanation therefor, exactly what Nelms intended to inform the court the error was. Possibly his attorney was trying to assert that the elements of assumption of the risk should not have been charged in view of the facts presented; however, neither the trial judge nor this Court should have to "second guess" the attorney. The trial judge was not sufficiently informed of any possible error to give him an opportunity to correct it.
The second issue presented by Nelms concerns whether assumption of the risk should have been charged on the facts proven in this case. Nelms argues that the facts did not support a charge which included elements of assumption of risk even though the trial judge described such charge as one on contributory negligence. In addition to the above objection to the oral charge, Nelms' attorney also objected:
 Now, on the — we also except to the contributory negligence part of the Court's Charge — the contributory negligence part of the charge where the Court states that if Nelms appreciated the danger, and so forth, without — and the Court did not state to the Jury that Nelms had a right to be at the place where he was at the time of the injury and at the time of the accident.
It is not certain that this objection would have preserved the error now asserted; however, when we do examine charges asserted to be erroneous, we look to the entirety of the trial court's charge to see if there was reversible error.Underwriters National Assurance Company v. Posey, 333 So.2d 815
(Ala. 1976); Taylor v. Owen, 294 Ala. 543, 319 So.2d 672
(1975); Alabama Power Company v. Tatum, 293 Ala. 500,306 So.2d 251 (1975). The charge taken as a whole correctly instructed the jury on contributory negligence as was proper in view of the testimony taken at trial. In addition to the portion of the charge attempted to be objected to, the trial judge also charged:
 Negligence means the failure to use or exercise reasonable or ordinary care. That is such care as a reasonably prudent person would have exercised under the same or similar circumstances.
 Therefore, negligence is the failure to do what a reasonably prudent person would have done under the same or similar circumstances, or the doing of something which a reasonably prudent person would not have done under the same or similar circumstances.
 Negligence is also said to be the failure to discharge or perform a duty owed to another party. In this regard, the law provides that the duty owed by Cotton Cheek, as he operated the loader in question, was to exercise reasonable care not to injure or damage the Plaintiff. That is, he had a duty to exercise such care as a reasonably prudent operator of a loader would have exercised under the same or similar circumstances.
 In fact, our law places a duty on every person, including both Cotton Cheek and the Plaintiff, Wayne Nelms, to use reasonable care to avoid causing injury or damages to a person, or property of others, or to themselves, taking into consideration all the facts and circumstances known to such person, or which should have been known and appreciated by reasonable care and diligence. As you can see, the test is one of reasonable care.
The three elements in the charge on contributory negligence objected to by Nelms — existence of a known dangerous condition; appreciation of the danger; and failure to exercise reasonable care for his own safety, *Page 156 
but with the knowledge and appreciation of the danger placing himself in its way — are a part of the definition of "contributory negligence" that is included in jury charges.E.g., Elba Wood Products, Inc. v. Brackin, 356 So.2d 119 (Ala. 1978); State Farm Mutual Automobile Insurance Company v. Dodd,276 Ala. 410, 162 So.2d 621 (1964); Foster Creighton Companyv. St. Paul Mercury Indemnity Company, 264 Ala. 581,88 So.2d 825 (1956).
Finally, Nelms requests that this Court abolish assumption of the risk as a defense to an action based on simple negligence. It is questionable if this question is properly presented; however, we reaffirm our longstanding recognition of assumption of the risk and contributory negligence as defenses to negligence actions. See, e.g. Day v. Downey, 256 Ala. 587,56 So.2d 656 (1952); Mackintosh Company v. Wells, 218 Ala. 260,118 So. 276 (1928); Bethea v. Taylor, 3 Stew. 482 (1831).
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and BEATTY, JJ., concur.