HOLMES, Judge.
The plaintiffs sued the defendants for breach of contract. After a trial by jury, a *498 verdict was returned in favor of the plaintiffs. The plaintiffs’ damages were assessed at $1,000. The plaintiffs appeal, contending the trial court erred in refusing to charge the jury concerning certain elements of damages.
In view of rule 51, Ala.R.Civ.P., this court has no alternative but to affirm.
Plaintiffs in this case are the owners of a home in Sylacauga where they live with their two minor daughters. A problem with the sewer system resulted in sewage backing up inside their home, and raw sewage overflowing in their yard. Testimony indicated this problem occurred often — “every time it rains.”
In their complaint, plaintiffs alleged they had an agreement with defendants, the City of Sylacauga and the Utilities Board of the City of Sylacauga, that defendants would maintain and operate a sanitary sewer system to remove sewage wastes from plaintiffs’ property. In return, as part of the agreement, plaintiffs paid a monthly fee. The complaint stated defendants breached said agreement by failing to carry off sewage wastes which allowed raw sewage to collect in the front yard “endangering the health of themselves and their children.”
As indicated, the case was tried before a jury. At the close of plaintiffs’ evidence, the court granted a motion by one defendant, the City of Sylacauga, for a directed verdict in its favor. On December 7, 1981, the jury returned a verdict in favor of plaintiffs against the Utilities Board of the City of Sylacauga for $1,000.
Plaintiffs, through able counsel, appeal, contending that the trial court erred in not charging the jury about damages for mental anguish, and in charging the jury that “plaintiffs are not entitled to recover damages based on endangering the health of themselves and their children.”
In his exception, after the trial court’s oral jury charges, the plaintiffs’ attorney stated: “We except to the Court’s charge that the plaintiffs are not entitled to damages against the defendants for endangering the health of themselves and their children.”
Appellee-defendant contends the plaintiffs failed to preserve for appeal any alleged error in the jury charges because plaintiffs’ attorneys failed to comply with the requirements of rule 51, Ala.R.Civ.P.
The dispositive issue on appeal is whether the objection of plaintiffs’ attorney was sufficient to preserve the alleged error for review on appeal.
Rule 51 provides in pertinent part that: “No party may assign as error the giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection.” (Emphasis added.)
The general rule to preserve error in jury instructions for appellate review is that in addition to objecting to the charge, the complaining party must have stated adequately specific grounds as a basis for the objection. Nelms v. Allied Mills Co., 387 So.2d 152 (Ala.1980); Pitts v. Hulsey, 344 So.2d 175 (Ala.Civ.App.1977). The purpose for requiring statement of grounds for an objection or exception to an oral charge is to allow the trial court an opportunity to correct the instructions and to avoid the waste of time and money for reversals resulting from oversight, technical omissions, or remediable mistakes. Nelms v. Allied Mills Co., supra; Pitts v. Hulsey, supra.
In the instant case, plaintiffs’ attorney stated no grounds for his exception, hence failing to meet the specific requirements of rule 51 or the general rule as stated by our supreme court in Nelms.
However, there are narrow and limited exceptions to the requirements of rule 51, and such exceptions are closely tied to the purpose of rule 51 as explained above. Objections which did not state grounds have been allowed where the objection satisfied the purpose of the rule by its specificity and by adequately informing the trial court of the alleged error. Nelms v. Allied Mills Co., supra.
*499 In Gardner v. Dorsey, 331 So.2d 634, 636 (Ala.1976), our supreme court noted: “Several federal cases which have considered the question whether a particular objection was sufficient to preserve error under FRCP 51 have found that a specific objection alone, without stated grounds, is sufficient where it adequately informed the trial judge of his error and afforded him an opportunity to correct it. Haynes v. Coolidge, 118 U.S.App.D.C. 348, 336 F.2d 736 (1964).”
Such an exception to the general rule was, in that case, an exception in part because of the nature of the error. In Gardner, the trial judge’s instruction misstated a point of substantive law. “Federal courts, in narrow and limited circumstances, have held that misstatements of substantive law in jury instructions can be preserved for review without specifically stating grounds for objection.” Gardner v. Dorsey, supra, at 637.
A few years after the Gardner decision, our supreme court, in a per curiam opinion, wrote:
“Although in Gardner v. Dorsey, [supra,] and Hosey v. Seibels Bruce Group, South Carolina Insurance Co., 363 So.2d 751 (Ala.1978) the objections to the court’s oral charge were found sufficient notwithstanding the failure to state the grounds therefor, these cases hold that the grounds requirement is excused only in the limited circumstance where the party makes a specific objection and the charge involves a misstatement of substantive law.”
Louisville & N.R. Co. v. Garrett, 378 So.2d 668, 674 (Ala.1979).
Our reading of the cases indicates the narrow and limited exception to the rule 51 requirement of stating the grounds for the objection exists when the trial court is adequately informed of its alleged error by an objection which is both specific as to the charge objected to, and which deals with a misstatement of the law. See Nelms v. Allied Mills, supra; Louisville & N.R. Co. v. Garrett, supra; Pitts v. Hulsey, supra. Put another way, was the trial court sufficiently notified of the alleged misstatement of the law so that it could correct it at that time?
In the instant case, examination of the objection of plaintiffs’ attorney indicates the objection did not adequately inform the trial judge of the alleged error. In fact, it lacks sufficient specificity to inform the trial judge of the exact nature of the matter objected to. The objection speaks in terms of damages to the plaintiffs for endangering their health and their children’s health. Such language indicates a personal injury claim, and in fact, whether a personal injury claim was an element of the suit was discussed by attorneys of both parties and the judge immediately prior to the jury charges. However, the plaintiffs’ brief discusses the alleged error in terms of an omission to charge the jury as to mental anguish, i.e., the measure of damages. The brief cites to cases dealing with mental anguish as an element of damages in a breach of contract case. Therefore, it appears that the objections raised at trial may not be the grounds asserted on appeal. This is uncertain, however, in light of the discussion of the attorneys and judge prior to the charges since the danger to plaintiffs’ health was discussed both as evidence supporting a claim for mental anguish, and it was discussed in terms of a personal injury claim.
In view of the bench discussions where the danger to plaintiffs’ health was discussed in relation to two different legal theories, we clearly cannot say the language in plaintiffs’ attorney’s objection was “specific” nor did it adequately inform the judge of the alleged error in his charge, and afford him an opportunity to correct it.
Where the first element of the exception — that of sufficient specificity to inform the trial court of the alleged error to allow an opportunity to correct it — is not met, we need not address the second element, the requirement of a misstatement of law.
Where the true nature of the objection is unclear to this court after a full review of the charges, the objections, and the plaintiffs’ brief, we must conclude plaintiffs’ ob *500 jection failed to preserve the alleged error for appeal. Although it is the policy of this court to review cases on the merits, plaintiffs’ failure to meet the requirements of rule 51 or to fall within the narrow and limited exceptions to that rule precludes our review of the merits.
This case is therefore due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.