SHORES, Justice.
Plaintiff Henry Alewine’s automobile collided with a Southern Railway train. His wife Roxie, a passenger in his car, was killed; Henry was injured. He sued Southern Railway and other defendants, individually and as administrator of his wife’s estate, and is appealing from a judgment entered on a jury verdict for the defendants.
The sole issue presented is whether the trial court erred to reversal by refusing one of the plaintiff’s requested jury instructions. We affirm that portion of the judgment in favor of Southern Railway and against Henry Alewine, individually. We reverse that portion of the judgment in favor of Southern Railway et al. and against Henry Alewine as administrator of the estate of Roxie Alewine.
The defendants contend that the plaintiff failed to preserve this issue for review by not objecting with enough specificity to point out to the trial court its alleged error in refusing the charge.
*316 The suit charged negligence on the part of the defendants and one of the defenses was contributory negligence on the part of the driver and the passenger.
At the conclusion of the trial court’s oral charge to the jury, counsel for the plaintiffs lawyer made the following objection:
“We would respectfully except to the court’s failure to give requested jury charges numbers 2, 6, 12, 13, 16, 18, 19, and 20. We also except to the court’s failure to charge the jury that the contributory negligence, if any, of Mr. Alew-ine, is not a bar to recovery to the estate of Roxie Alewine.”
In addition to the charges specifically referred to by number in the plaintiff’s objection, a charge numbered 26 had been requested. It stated:
“Negligence, if any, of a husband driving an automobile in which the wife was riding as a guest does not bar the wife’s right to recover against a third party if the wife is otherwise entitled to recovery.”
In its oral charge to the jury, the trial court made several references to the fact that a finding of contributory negligence on the part of Mr. Alewine would bar his right to recover against the defendants. The court had also instructed the jury that Mrs. Alewine, as a passenger in the automobile, had a duty to use reasonable care to avoid injury to herself. Nowhere in the court’s oral charge is there any mention of how a finding that the driver was negligent would affect the passenger’s right to recover. The plaintiff’s requested charge number 26, which the court refused, contained a correct statement of the law on that issue.
The question is: Was the plaintiff’s objection sufficient to call the deficiency to the trial court’s attention? We hold that it was in this case. Contributory negligence was a major issue in the case. There was abundant evidence from which the jury could find contributory negligence on the part of the driver. The passenger’s representative was entitled to have the jury instructed on the effect of such a finding on a passenger’s right to recover. The court did not so instruct the jury, and reversal is required if the issue was preserved.
“No party may assign as error the giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection....”
Rule 51, Ala.R.Civ.P.
In Gardner v. Dorsey, 331 So.2d 634, 637 (Ala.1976), it is stated:
“Specificity has been regarded as extremely important by federal cases interpreting FRCP 51. Most cases draw a distinction between objections which recite portions of instructions and those which simply refer to instructions by number. An example is Delancey v. Moticheck Towing Service, Inc., 427 F.2d 897 (5th Cir.1970). There an objection in the form, ‘In regard to defendant’s submitted special charges 5 and 6 we would like to object to the court having given those charges’, was held insufficient to preserve error, while an objection specifically pointing out the ‘failure of the court to instruct, or define the term “wilful misconduct” ’ was within Rule 51, even though no grounds were stated.
“This is not to say that the practice of specifically reciting objectionable portions of a charge will normally relieve a party from stating grounds for objections; however, this case is an exception because of the error involved. The trial Judge’s instruction in the instant case misstated a point of substantive law. Federal courts, in narrow and limited circumstances, have held that misstatements of substantive law in jury instructions can be preserved for review without specifically stating grounds for objection.”
In Grayco Resources, Inc. v. Poole, 500 So.2d 1030, 1032-33 (Ala.1986), we stated:
“It is true that we have construed Rule 51 to proscribe general objections. This Court has often held that a party has waived appellate review based upon the *317 ‘grounds’ requirement of Rule 51. See Burnett v. Martin, 405 So.2d 23 (Ala.1981), Wright v. Waters, 367 So.2d 960 (Ala.1979). We have also said, however, that an overly rigid enforcement of Rule 51 should not be permitted. Hosey v. Siebles Bruce Group, S.C. Ins. Co., 363 So.2d 751 (Ala.1978). ‘Rule [51] [will] not be so technically construed as to obliterate its spirit.’ Odom v. Lindsey, 365 So.2d 664 (Ala.1978). The essential purpose of Rule 51 is to give the trial court an opportunity to correct its instructions and to avoid the waste of time and money from reversals that result from oversight, technical omissions, or remediable mistakes. See Hosey, at 753, Gardner v. Dorsey, 331 So.2d 634 (Ala.1976), Crigler v. Salac, 438 So.2d 1375 (Ala.1983). That being the purpose, we have held that where an oral charge is misleading or confusing, strict adherence to the grounds-stating requirement of Rule 51 is necessary to achieve the essential spirit of the Rule....”
Under the circumstances presented by this case, the plaintiff’s objection was not so general as to violate the spirit of Rule 51. The trial court could not have misunderstood the point being made by the objection to its refusal to charge the jury on this issue. It was a major issue in the case, and the plaintiff’s objections to the court’s charge referred to it expressly.
“Surely, the Rule does not contemplate that the objecting party, in order to preserve for review an erroneous instruction, is required to deliver a discourse before the trial judge on the applicable law of the case.”
Gardner v. Dorsey, supra, at 637.
“It is the duty of the trial judge to educate the jury on the trial of the case. Raines v. Williams, 397 So.2d 86 (Ala.1981), Health Maintenance Group of Birmingham v. Rutledge, 459 So.2d 889 (Ala.Civ.App.1984). We agree with the Fifth Circuit Court of Appeals: ‘It is the inescapable duty of the trial judge to instruct the jurors fully and correctly on the applicable law of the case, and to guide, direct and assist them toward an intelligent understanding of the legal and factual issues involved in their search for truth.’ McClendon v. Reynolds Electrical & Engineering, 432 F.2d 320 (5th Cir.1970), quoting from 2B Barron and Holtzoff, Federal Practice and Procedure, § 1105 at 470 (1961).”
Grayco Resources, Inc. v. Poole, supra, at 1033.
We hold that the trial court erred in failing to charge the jury on the legal effect a driver’s negligence would have on a passenger’s right of recovery. We also hold that the objection was sufficient to comply with Ala.R.Civ.P. 51 under the circumstances of this case. Accordingly, that portion of the judgment of the trial court in favor of defendant Southern Railway et al. and against Henry Alewine, individually, is affirmed. The judgment of the trial court in favor of Southern Railway et al. and against Henry Alewine as administrator of the estate of Roxie Alewine, deceased, is reversed and the cause is remanded.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.