Defendants appeal from judgments for plaintiffs in two wrongful death actions which were consolidated for trial. We affirm.
Defendants are the driver and the owner of an automobile which struck and killed plaintiffs' teenage sons.
Defendants argue that the judgments should be reversed on grounds that the trial court erred: (1) in refusing to grant defendants' motions for directed verdicts and for judgments notwithstanding the verdicts or, in the alternative, for new trials; (2) in refusing to give certain of defendants' written, requested instructions to the jury; and (3) by giving an oral charge which was misleading, confusing, and contrary to the law and evidence of the case.
At approximately 2:00 a.m., July 21, 1973, defendant Cathy Atchison Dees was driving a 1973 Chevrolet owned by defendant Frank Gustin, who was a passenger. Along with other passengers, they were traveling south on Alabama Highway 17 near Millry in open country at 50 to 60 miles per hour. The moon was not visible and there were light patches of fog on the road.
Just after going over a slight rise, Mrs. Dees saw an object that "looked like a box or a big paper bag" in her lane 200 to 300 feet from the top of the rise. She took her foot off the accelerator and put it on the brake pedal. The road beyond the object was straight and level for at least half a mile, and there was nothing to prevent Mrs. Dees from going around the object. Nevertheless, she remained in her lane. When she "got close enough to see," the object rose up and she realized that it was a person. She "froze" and ran over and killed two teenage boys, who apparently had been lying in the road parallel to each other from the center line to the right side. The car traveled another 260 feet dragging the boys' bodies about 100 feet. There were no skid marks, and there was no evidence of fog in the area which might have obscured Mrs. Dees' vision.
Witnesses who earlier had seen the boys, Calvin Lathan and Donnie Gilley, testified that they appeared to have been drinking. Others testified that they had seen the boys drinking beer. Blood tests indicated .01 percent ethyl alcohol in Lathan's blood and .13 percent in Gilley's. The testimony was that the former level would have no significant effect on a person's judgment while the latter level would impair coordination and muscular ability and would impair the ability of a person lying in the road *Page 1002 
to get up and out of the way of an approaching car.
A few minutes prior to the accident several witnesses had seen the boys walking along the road. One testified that Gilley had spoken to him; another, that the boys appeared to be thumbing; and another, that they were waving. There is no evidence indicating why they were lying in the road.
Mrs. Dees was not under the influence of alcohol or other drugs.
Each boy's father filed a wrongful death action against Mrs. Dees and Mr. Gustin. The two actions were consolidated for trial. The jury returned a verdict of $50,000 for each plaintiff, and judgments were entered accordingly.
 I.
Defendants argue that the only theory available to plaintiffs is the doctrine of subsequent negligence, or "last clear chance," and that the evidence is insufficient to support a verdict based on the subsequent negligence of defendant Dees. In particular, they assert that plaintiffs have failed to prove that Mrs. Dees acquired actual knowledge of a perilous position of plaintiffs' sons in time to avoid the accident.
But such actual knowledge may be inferred from proof that the driver was looking in the direction of the victims and that her view was unobstructed. Scotch Lumber Co. v. Baugh, 288 Ala. 34,256 So.2d 869 (1972). Mrs. Dees admitted not only that she was looking in the direction of the boys and that her view was unobstructed but also that she actually saw something in the road 200 to 300 feet ahead of her. These admissions constituted at least a scintilla of evidence that Mrs. Dees acquired actual knowledge in time to avoid the accident and thus required that the question go to the jury. Land v. Shaffer Trucking, Inc.,290 Ala. 243, 275 So.2d 671 (1973).
Defendants also contend that the evidence established as a matter of law that the decedents were guilty of contributory negligence, because their initial contributory negligence continued, proximately contributing to the accident, and because at least one of the decedents was aware of their immediate peril.
However, a victim's initial contributory negligence in placing himself in a position of peril is no defense to subsequent negligence on the part of defendant. A.B.C. TruckLines v. Kenemer, 247 Ala. 543, 25 So.2d 511 (1946). For a victim's negligence to be a defense to defendant's subsequent negligence, defendant must show subsequent contributory negligence on the part of the victim, i.e., a negligent act or omission with knowledge of the then present and impending peril. Southern Ry. Co. v. Stewart, 153 Ala. 133, 45 So. 51
(1907).
Defendants have contended that the evidence shows that at least one of the victims may have been aware of the present danger, viz., Mrs. Dees' testimony that one of the boys rose up as she approached. That evidence hardly supports a ruling that both the victims were guilty of subsequent contributory negligence as a matter of law. Notably, defendants have failed to show that the victims became aware of the impending peril in time to avoid injury by use of reasonable care. Subsequent contributory negligence cannot be predicated upon their failure to use reasonable care to avoid injury unless they had time to do so after becoming aware of their immediate danger or peril. Cf. Owen v. McDonald, 291 Ala. 572, 285 So.2d 79 (1973); Emmettv. Alabama Great Southern R. Co., 226 Ala. 310, 146 So. 811
(1933). See Alabama Pattern Jury Instructions — Civil 30.03.
 II.
Defendants also complain that the verdict of $50,000 in each case is excessive. The trial court refused to grant a new trial on this basis. As we reiterated in Boise Cascade Corp. v. Lee,291 Ala. 666, 286 So.2d 836 (1973), in which we affirmed a judgment for $175,000, damages in a *Page 1003 
wrongful death action are penal in nature and are within the sound and honest discretion of the jury. The trial court's ruling strengthens the presumption in favor of the jury's verdict. We find no grounds for holding these verdicts to be excessive.
 III.
Defendants contend that the trial court's denial of the following requested instructions to the jury was error:
 "No. 10 . . . I charge you ladies and gentlemen [No. 11] of the jury that if you are reasonably satisfied from all the evidence that Donnie Ray Gilley [Calvin Lathan] was guilty of any negligence on the occasion of the accident which proximately caused or contributed to his death, then in the suit brought by his father, James H. Gilley [Clifton Lathan], your verdict must be for the defendants."
* * * * * *
 "No. 13 I charge you ladies and gentlemen [No. 14] of the jury that if you are reasonably satisfied from all of the evidence that the Defendant Cathy Dees was guilty of some negligence which proximately caused or contributed to the accident, and if you are also reasonably satisfied from all the evidence that Calvin Leon Lathan [Donnie Ray Gilley] was guilty of some negligence which proximately caused or contributed to the accident and his death, then in the suit brought by Mr. Clifton Lathan [Mr. James H. Gilley] your verdict must be for the Defendants. . . ."
These requested instructions do not correctly state the doctrine of contributory negligence as it applies in cases in which subsequent negligence is an issue, because they do not differentiate between original contributory negligence, which, as noted above, does not bar recovery for a defendant's subsequent negligence, and subsequent contributory negligence, which does. Refusal of these instructions was therefore not error.
 IV.
Defendants complain that certain portions of the oral charge to the jury were misleading, confusing, and contrary to the law and evidence of the case. In particular, they complain of the following statement: ". . . this would not apply to subsequent negligence, contributory negligence would not. . . ." In the paragraph following this statement, the court correctly stated, "To such subsequent negligence, prior contributory negligence, if any, is no defense. . . ." The following day before the jury began deliberations, the court withdrew the first statement and repeated the second, but gave no instruction concerning subsequent contributory negligence.
In view of the correction made by the court, its statements concerning contributory negligence and subsequent negligence are correct, although they may be incomplete in light of defendants' contention that the victims were guilty of subsequent contributory negligence. In spite of the correction, the instructions given may have had a tendency to mislead or confuse. Nevertheless, defendants cannot complain of any of these matters on appeal, because they did not request an explanatory or a correct complementary charge. Horace v.VanBlaricon, 291 Ala. 530, 283 So.2d 421 (1973).
AFFIRMED.
BLOODWORTH, JONES, ALMON and EMBRY, JJ., and SIMMONS, Retired Circuit Judge, sitting by designation of the Chief Justice, concur. *Page 1004