JONES, Justice.
This case poses the question whether the trial Judge’s jury instruction as to Georgia statutory law was correct.
The plaintiff, Louise Jones, widow of Charlie Jones, sued the Baggett Transportation Company alleging that, as a result of its truck driver’s negligence, her husband was killed.
Mr. Jones was killed in an accident involving three tractor-trailer rigs. This accident occurred on 1-285, the perimeter interstate which surrounds Atlanta. Two of the rigs were owned by Opelika Welding Company and were driven by Rex Bedell and the deceased. The third rig was owned by Baggett Transportation Company and was driven by Benjamin Lane.
The deceased was following the truck driven by Rex Bedell, his work partner, because Jones was not sure of the exact route he was to travel. The first time the three trucks came in sight of each other was at the junction of 1-85 and 1-285. This was approximately a mile and a half from the accident. The Baggett truck overtook and passed both trucks owned by Opelika Welding — Jones first and then Bedell. Then, the Baggett truck returned to the righthand lane. Prior to the accident, the Baggett truck was in the lead, followed by Bedell and then the deceased. The Baggett truck then attempted to pass a pick-up truck and moved over into the lefthand lane. The defendant’s truck suddenly skidded and then swung around in a half circle headed back in the direction from which it had come. The trailer was across the width of the lane. Bedell’s truck collided with the rear of the Baggett truck and jackknifed to *106 the left down into the median. The truck driven by Jones turned into the median with its brakes applied, turned over on its side, and slid across the median. This median was approximately forty to fifty feet wide and sloped toward the center like a valley. The jury returned a verdict in favor of the defendant.
The only error asserted by Mrs. Jones on appeal is that the following jury charge was erroneous:
“The next issue to be considered by you is the question: Could the Plaintiff’s deceased husband by ordinary care have avoided the consequence to himself caused by the Defendant’s negligence?
“Now, ordinary care in this sense means the care a reasonably careful person would have used under the same or similar circumstances once the Defendant’s negligence became apparent or would have become apparent to a reasonably prudent man.
“On this point, the Court also charges you that the duty to use ordinary care to avoid the consequence of another’s negligence does not arise until such negligence exists, or until circumstances are such that an ordinary prudent person would have reason to apprehend its existence.” (Emphasis added.)
All the parties agree that the genesis of this charge is contained in the Georgia Code Annotated, § 105-603, which states:
“Diligence of plaintiff. — If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant’s negligence, he is not entitled to recover. In other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained.”
Counsel for Mrs. Jones concedes that, generally, this charge would not be erroneous; but, in light of the particular facts of this case, prejudicial error resulted. Appellant contends that “last clear chance” cannot apply until the plaintiff is aware that a negligent act presents a danger to him; that is, in the context of these peculiar facts, the jury should have been instructed that the plaintiff’s intestate’s duty of ordinary care to avoid injury, to himself arose not upon his apprehension of defendant’s negligence, but upon his appreciation that such negligence represented a present danger. Mrs. Jones contends that, pursuant to this charge, the jury should have found that the deceased became aware of Mr. Lane’s negligence when the Baggett truck first overtook and passed the decedent’s truck— some one and one-half miles prior to the accident. The appellant's argument concludes by stating that, under the charge, the jury would have to conclude that the decedent was duty bound to expect the remote contingency of the defendant’s creating an independent peril somewhere down the highway.
Baggett replies that the trial Judge’s charge tracks the language of the statute. With this contention, there can be no argument. The statute states:
“. . . if the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant’s negligence, he is not entitled to recover. . ” Georgia Code Annotated, § 105-603.
The trial Judge’s charge stated:
“. . . the duty to use ordinary care . does not arise until such negligence exists . . .”
It is important to note that the Georgia courts refer to the statute as an avoidance doctrine. In Mitchell v. Gay, 111 Ga.App. 867, 143 S.E.2d 568 (1965), the Georgia Court of Appeals, in responding to the plaintiff’s contention that the trial judge’s charge was insufficient, stated:
“The quoted charge is substantially in terms of Code § 105-603. It has been held that a charge on the avoidance doctrine in the language of the Code section is a complete and correct principle of law, though it does not specifically instruct the jury that the plaintiff’s duty to use ordinary care to avoid the consequences of defendant’s negligence does not arise until that negligence is apparent or the circumstances are such that a reasonably *107 prudent person would apprehend defendant’s negligence.” (Emphasis added).
This statute states two different rules, the first of which is the basis of this appeal — the duty of a person to avoid injury in the exercise of ordinary care. The second part of this statute provides the Georgia rule for comparative negligence. These rules are separate and, though both relate to the statutorily required diligence of the plaintiff, in the first rule — failure to avoid the consequences by due care — the plaintiff may be barred from recovery, while in the second rule, the plaintiff is not barred completely if the jury, after comparing the defendant’s negligence with that of the plaintiff’s, finds that the defendant was the more negligent.
As stated previously, plaintiff’s counsel concedes that, in most cases, the trial judge’s charge would have been a correct and proper statement of the law. It is the particular facts of this case, insists the plaintiff, that makes this charge erroneous.
We are not unimpressed with the compelling logic of appellant’s position. Indeed, our own case law development of the “last clear chance” or “subsequent negligence” doctrine speaks not in terms of the plaintiff’s duty arising upon discovery of the defendant’s negligence, but in terms of discovery of the consequences of that negligence in placing the plaintiff in a position of peril. But it is the law of the situs and not the law of the forum that governs this case.
Therefore, we hold that, at worst, this charge was misleading. It tracked the language of the statute and this procedure has been approved by the Georgia appellate courts. Mitchell v. Gay, supra. See also Western & A.R. Co. v. Ferguson, 113 Ga. 708, 39 S.E. 306 (1901). The trial Judge’s charge was not an incorrect statement of the law. Thus, if the plaintiff felt that these charges were misleading, further explanatory charges should have been requested. Horace v. VanBlaricon, 291 Ala. 530, 283 So.2d 421 (1973); Swindall v. Speigner, 283 Ala. 84, 214 So.2d 436 (1968).
The decision of the trial Court is affirmed.
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.