This appeal, from a judgment adverse to contestants in a Will contest case, raises a single dispositive issue: Whether a general exception (objection) to a refused requested jury instruction sufficiently complied with ARCP 51 to invoke appellate review? In the narrow context here presented, we answer in the negative and affirm.
The charge in question reads as follows:
 "If the jury believe from the evidence that the instrument offered for probate as the will of Emma Lee Odom is the result or product of undue influence exercised by Lamon E. Linsey, Edna Lee Linsey, Lamon Tyler Linsey or any other person over Emma Lee Odom, you should find for the Contestants." (Emphasis added.)
Initially, we observe that the use of the emphasized word "believe" may of itself require an affirmance of the ruling of the trial Court in refusing the requested instruction. As to the use of "believe" versus "reasonably satisfied from the evidence," see Moody v. Stanfield, 292 Ala. 185, 291 So.2d 301
(1974).
We deem it provident, however, not to ground our holding on the validity vel non of the word "believe." Assuming without deciding, then, that the charge is an accurate statement of the law, was its refusal reversible error under the circumstances of *Page 666 
the instant case?[1] We feel constrained to base our holding upon a construction of Rule 51; and this for the reason that it has come to our attention that several recent cases in this area have tended to cause some problems of interpretation: Hosey v.Seibels Bruce Group, South Carolina Insurance Company, et al.,363 So.2d 751 (Ala. 1978); Feazell v. Campbell, 358 So.2d 1017
(Ala. 1978); Jones v. Baggett Transportation Company,347 So.2d 105 (Ala. 1977); Dees v. Gilley, 339 So.2d 1000 (Ala. 1976); and Gardner v. Dorsey, 331 So.2d 634 (Ala. 1976). See alsoPruitt v. Pruitt, 343 So.2d 495 (Ala. 1977).
Two sentences from Rule 51 are here pertinent:
 "No party may assign as error the giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection. Submission of additional explanatory instructions shall not be required unless requested by the court."
Gardner and Hosey held that an objection to the refused (or given) charge without specifically stated grounds, under the particular circumstances of each of these cases, sufficiently preserved the assigned error for review. Feazell makes clear, however, that the holding in Gardner (as well as the subsequent holding in Hosey) in no way altered the "grounds" requirement of the Rule, only that the Rule would not be so technically construed as to obliterate its spirit. Dees and Jones (as well as Feazell) commented on the appellant's failure to request explanatory or complementary charges. On their face, these cases may appear to ignore the second sentence of the above-quoted portion of Rule 51. In fact, they neither ignore nor weaken the intended effect of the Rule.
The true spirit of this portion of the Rule can be gleaned only by reading the two sentences together and with particular emphasis on the word "additional" in the second sentence. When so read, its meaning is clear: The trial judge's giving or refusal to give any charge, oral or written, will not be reversed on appeal absent an objection with grounds assigned therefor. But where the ground of objection is "the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge," and the specifics of such grounds are made known to the court, submission of additional explanatory charges (unless requested by the court) are not necessary. Its obvious purpose is to eliminate the excesses of the pre-ARCP practice: Under prior practice, on the one hand, the trial judge could be put in error for relatively trivial mistakes without ample opportunity to review and revise his ruling; and, on the other hand, the appellate courts, in an offsetting effort, declined to review an alleged misleading or incomplete charge unless counsel tendered an explanatory or complementary charge — at best, an impractical and, at worst, an impossible requirement.
An analysis of Jones, Dees and Feazell, within the context of the full record in each case, reveals without exception that the Appellant failed to comply with the first part of this Rule. That is to say, the observation in each of these cases that no explanatory charge had been requested was in the context of the failure of Appellant to assign grounds specifying wherein the complained of given charge was misleading, confusing or incomplete.
The operative spirit of this portion of Rule 51 may be summarized as follows: While the aggrieved party is required to inform the trial judge of the basis for his objection to any portion of the court's instruction to the jury, upon the appellant's failure to so assign grounds (if the grounds are not implicit in the objection), the appellate court may inquire whether such deficiency *Page 667 
was supplied by requested explanatory charges. If Appellant does neither, he reserves nothing for review.
We turn now to an application of this Rule to the issue here presented. A careful review of the record discloses that this is a classical case for strict enforcement of the "grounds" requirement of the Rule. At the beginning of trial, the Court inquired of Contestants' counsel whether the evidence of undue influence would be limited to Lamon Tyler Linsey, the chief beneficiary under the Will. Counsel responded in the affirmative with the qualification that he reserved the right to amend the pleading to meet the evidence. During arguments of counsel, the Appellees objected to Appellants' argument concerning persuasion on the part of Mr. and Mrs. Linsey. The Court sustained, reminding counsel of his earlier agreement to limit this evidentiary issue. Counsel then offered to amend his pleading; whereupon the Court asked counsel whether he would be satisfied if the Court included "others" (alleged to have exercised undue influence) in his oral charge to the jury. To this inquiry, counsel for Contestants responded in the affirmative. Additionally, at the conclusion of the Court's instruction to the jury as agreed, counsel for contestants stated that he was satisfied with the Court's oral charge.
Appellants now contend that they were prejudiced by the trial Court's refusal to give the requested instruction in that this refused charge named specifically the persons alleged to have exercised undue influence whereas the Court's oral instruction specified only "Lamon Tyler Linsey and/or others." The office of the "grounds" requirement is to point out the very thing that is absent in the record before us. The contention now made on appeal was not made by way of assigned grounds for counsel's exception (objection) to the trial Court's refusal of the requested charge. The trial Judge had every reason to believe that his oral charge was adequate and to the Contestants' satisfaction.
Under these circumstances, to allow Appellants to assign as error the failing to give the written instruction in question without stating the grounds of their objection would be violative of both the letter and the spirit of Rule 51, ARCP.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.
[1] For the purpose of addressing the issue urged by Appellant, we have also pretermitted consideration of Appellees' contention that the subject matter of the requested charge was fully and accurately covered by the court's oral charge.