Andrew Zaharavich appeals from the denial of his post-judgment alternative motion for judgment notwithstanding the verdict or for new trial subsequent to the return of a jury verdict awarding Margaret Ruth Clingerman $22,572.25 for injuries received when she was hit by Zaharavich's pick-up truck on a downtown Dothan street. The award included medical expenses incurred by Ruth Clingerman on behalf of her daughter.
Margaret Ruth Clingerman had gone to the Houston County Courthouse in Dothan with her mother, Ruth Clingerman, on September 12, 1984. They parked their car in a parking lot across the street from the courthouse. While they were in the courthouse, it started to rain, and upon leaving, Margaret Ruth told her mother that she would run ahead and roll up the windows in the car. She then crossed four lanes of traffic by "jaywalking" and was struck by Zaharavich's pick-up truck in the fifth lane as he approached the light at the adjacent intersection. The plaintiffs admit the daughter's negligence in failing to use the pedestrian crosswalk and in crossing the street at the point she did. Zaharavich testified at trial that he did not see Margaret Ruth until she emerged from in front of a pick-up truck stopped in traffic to his left in the fourth lane and that he did not have a reasonable opportunity to avoid the accident.
The judge charged the jury on a theory of subsequent negligence, or "last clear chance," and the jury returned a verdict in favor of the Clingermans. The wantonness count of the complaint had been disposed of by a directed verdict in Zaharavich's favor at the close of plaintiffs' evidence. Zaharavich's motions for a directed verdict as to negligence were denied at the close of the plaintiffs' evidence and at the close of all the evidence.
There is no question as to contributory negligence. SeeAllman v. Beam, 272 Ala. 110, 130 So.2d 194 (1961), and Fox v.Bartholf, 374 So.2d 294 (Ala. 1979). Contributory negligence, however, is no defense to subsequent negligence. In other words, "a victim's initial contributory negligence in placing himself in a position of peril is no defense to [a claim of] subsequent negligence on [the] part of the defendant." Dees v.Gilley, 339 So.2d 1000, 1002 (Ala. 1979). The elements of proof of subsequent negligence are: (1) that the plaintiff was in a perilous position; (2) that the defendant had knowledge of that position; (3) that, armed with such knowledge, the defendant failed to use reasonable and ordinary care in avoiding the accident; (4) that the use of reasonable and ordinary care would have avoided the accident; and (5) that plaintiff was injured as a result. Treadway v. Brantley, 437 So.2d 93 (Ala. 1983). The main issue in the instant case is whether the evidence showed that Zaharavich had knowledge of Margaret Ruth's peril and had the opportunity to avoid the accident.
Testimony indicated that traffic was stopped for one city block when Margaret Ruth undertook her dash across five lanes. She was struck in the fifth lane (a right turn lane) by Zaharavich, who testified that he was coasting at 10 miles per hour. Although Zaharavich testified that he did not see Margaret Ruth until she was almost in front of his truck, it was brought out during cross-examination that, in answer to the question, "What was the plaintiff doing?" propounded in interrogatories, Zaharavich had stated, "Running and dodging traffic." In his brief on appeal, he attempted to reconcile this conflict by stating that his answer to the interrogatory did not indicate what he saw the plaintiff doing. Clearly, the jury could have resolved this "conflict" against Zaharavich and found that he had knowledge of Margaret Ruth's peril and could have avoided the accident. *Page 980 
The plaintiffs' position was and is that actual knowledge can be inferred, citing Dees v. Gilley, supra. The facts of Dees
indicate that the defendant, while driving, saw an object in the road 200 to 300 feet away; that she applied her brakes, but did not attempt to go around the object; and that she realized only "when she got close enough to see" that the object was a person. She then "froze"; her vehicle ran over and killed two teenage boys, traveled another 260 feet, and dragged the bodies about 100 feet. This Court concluded that "knowledge [of the peril] may be inferred from proof that the driver was looking in the direction of the victims and that her view was unobstructed." Dees cites Scotch Lumber Co. v. Baugh, 288 Ala. 34, 256 So.2d 869 (1972), which states that on the question of subsequent negligence, knowledge cannot be imputed to the defendant because of circumstances from which the jury might infer that he had actual knowledge. Therefore, knowledge of the plaintiff's peril in a subsequent negligence case may not be "imputed" to a defendant; the defendant's knowledge may, however, be "inferred," if such an inference would be reasonable under the totality of the circumstances.
A defendant's motion for directed verdict or judgment notwithstanding the verdict will not be granted if reasonable inferences in favor of the plaintiff's claim can be drawn from the evidence or if there is any conflict in the evidence for resolution by the jury. Elrod v. Ford, 489 So.2d 534
(Ala. 1986). Upon examination of the record and the briefs in this case, we hold that it was reasonable for the jury to infer that Zaharavich had knowledge of Margaret Ruth's position in the street in ample time to take reasonable steps to avoid the accident. In addition, conflicting testimony was presented as to the position of the truck and Margaret Ruth's position in the lane of traffic when she was hit.
The issues raised by Zaharavich as to contributory negligence are insubstantial. The jury was properly charged on contributory negligence, and Zaharavich's request for a directed verdict on contributory negligence was properly denied because the plaintiffs pleaded and offered proof of subsequent negligence. The evidence on which Zaharavich based his motion for new trial due to newly discovered evidence was of the same character and content as the evidence previously presented to the jury. It would have served no purpose other than to impeach previous testimony as to Margaret Ruth's crossing of the fourth lane of traffic and in position in the fifth lane when struck by Zaharavich.
AFFIRMED.
All the Justices concur.