STEAGALL, Justice.
The plaintiff, Norma Ethel Baker, as ad-ministratrix of the estate of Daniel Harold Baker, deceased, appeals from the denial of her motion for new trial following a judgment entered, pursuant to a jury verdict, in favor of defendant Alvin Bert Grantham in a wrongful death action. The action was based on the death of Daniel Baker from injuries sustained when he was struck by an automobile driven by Grantham.[1]
Immediately prior to the accident, Grant-ham was traveling approximately 30-85 *897 miles per hour in the right southbound lane of Azalea Road, which is a five-lane road. Daniel Baker, a pedestrian, was crossing Azalea Road from east to west in front of Grantham; he was struck while he was in the right southbound lane of Azalea Road. In her complaint, Norma Baker alleged that Grantham had negligently and wantonly operated his automobile and had thereby proximately caused Daniel Baker’s death. In answer to the complaint, Grant-ham raised the affirmative defense of contributory negligence.
On appeal, Norma Baker argues that the trial court erred in refusing to instruct the jury on the issue of subsequent negligence. She contends that there is evidence from which the jury could have found subsequent negligence on the part of Grantham. Grantham contends that there is no evidence to suggest that he could have averted the accident after becoming aware of Daniel Baker’s position and, therefore, that the trial court properly refused to charge the jury on subsequent negligence.
The elements of subsequent negligence are:
“(1) [T]hat the plaintiff was in a perilous position; (2) that the defendant had knowledge of that position; (3) that, armed with such knowledge, the defendant failed to use reasonable and ordinary care in avoiding the accident; (4) that the use of reasonable and ordinary care would have avoided the accident; and (5) that plaintiff was injured as a result.”
Zaharavich v. Clingerman, 529 So.2d 978, 979 (Ala.1988). In Eason v. Comfort, 561 So.2d 1068 (Ala.1990), this Court held that the subsequent negligence doctrine does not apply where the manifestation of the plaintiff’s peril and the accident are virtually instantaneous.
Grantham testified that he was approximately 20 feet from Daniel Baker when he first became aware of Baker’s presence in the roadway. Grantham stated that when he saw Baker in the roadway, he immediately hit his brake pedal. Grantham also stated that prior to the accident he had been looking in the direction in which he was driving and that his view was unobstructed.
Robert Denniston, who was driving in the left southbound lane of Azalea Road prior to the accident, testified that he was traveling approximately 30-35 miles per hour and that Grantham was approximately 75 or 100 feet in front of him. Denni-ston stated that he saw “a dark figure of a person ... running all the way across the street” and that Baker was approximately 100 to 150 feet in front of him when he saw him. Denniston further stated:
“As the person moved across the street ... and then across the center and across my lane, I could see that the other car was very close to him, ... and it appeared to me at that time that the person and the car were either going to collide or he was just barely going to miss it, one way or the other.”
Corporal Larry Hearn, the officer who investigated the accident, testified that he found physical evidence of evasive action by Grantham, i.e., 43 feet of skid marks. Hearn stated that based on an average reaction time of .75 seconds and the speed of Grantham’s automobile at approximately 35 miles per hour, Grantham should have been able to stop approximately 38.4 feet after he realized Daniel Baker was in the roadway. Hearn also stated that he calculated Grantham’s speed to be approximately 32.32 miles per hour and that the recognized reaction time in an accident investigation is subject to change. Specifically, Hearn stated that at the time he was investigating the accident, the recognized average reaction time was .75 seconds, but at the time of trial, the recognized average reaction time had been revised to 1.6 seconds in the daytime and 2 seconds at night.[2]
Norma Baker argues that Grantham’s actual knowledge of Daniel Baker’s peril could be inferred from the fact that Grant-ham was looking in the direction in which he was driving and had an unobstructed view and from the fact that, based on the testimony of Denniston and Hearn, Grant- *898 ham could have been approximately 75 feet from Daniel Baker when he became aware of Baker’s peril. Therefore, she argues, Grantham could have averted the accident.
Based on the testimony of Denniston, Grantham could have been from zero to 75 feet from Daniel Baker when he realized Baker’s peril. This evidence is not inconsistent with Grantham’s testimony that he was only 20 feet from Baker when he first became aware of Baker’s presence in the roadway. The evidence in this case is insufficient to establish that Grantham had actual knowledge of Daniel Baker’s peril, and it is insufficient to permit a jury to infer that Grantham had such knowledge. The trial court did not err in refusing to charge the jury on subsequent negligence. The judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur.
k

. Joy Blackmon was also named as a defendant and as an appellee. The trial court entered a summary judgment in her favor, and Baker does not argue that the summary judgment was erroneous.

. The accident in this case happened at night.