Voyager Guaranty Insurance Company, Inc. ("Voyager"), sued Roy J. Brown, an attorney, under the Alabama Legal Services Liability Act, alleging fraud. The trial court entered a summary judgment in favor of Brown.
The dispositive issue is whether the attorney's statement of his opinion as to certain loan documents constituted fraud.
A motion for summary judgment may be granted only when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P.; Southern Guar. Ins. Co. v. First Alabama Bank,540 So.2d 732, 734 (Ala. 1989). The burden is, therefore, upon the moving party to clearly show that there is no material fact in dispute, and all reasonable inferences from the evidence are to be viewed most favorably to the nonmovant. Southern Guar. Ins.Co., supra, at 734.
Rule 56 is read in conjunction with the "substantial evidence rule," § 12-21-12, Ala. Code 1975, for actions filed after June 11, 1987. See Bass v. SouthTrust Bank of Baldwin County,538 So.2d 794, 797-98 (Ala. 1989). In order to defeat a properly supported motion for summary judgment, the opposing party must present substantial evidence creating a genuine issue of material fact. Substantial evidence is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co.of Florida, 547 So.2d 870, 871 (Ala. 1989).
Brown gave Southern Loan, Inc. ("Southern"), a legal opinion on the validity of certain loan documents; Southern was in the process of obtaining a loan from Voyager. The documents were a debenture and a guaranty, which contained the signatures of Jack Newsome and Chere Newsome as guarantors of the loan. The signatures were both attested to by two witnesses. In addition, Jack Newsome specifically told Brown that the signatures were authentic.
After examining the loan documents, Brown wrote a letter to Voyager, stating, in pertinent part:
 "In my opinion said Debenture and Guaranty will upon delivery, severally constitute legally binding obligations of their respective makers and will be enforceable according to their terms." *Page 850 
Voyager then made the loan to Southern. Southern later defaulted on the loan, and Voyager instituted a collection action against Southern and the Newsomes. The trial court entered a judgment against Southern. However, Jack Newsome died while the action was pending, and Chere Newsome then asserted as a defense against the collection that her signature was a forgery. The trial court determined that the signature was a forgery and dismissed Chere Newsome as a defendant. Thereafter, Voyager filed its legal services liability action, alleging that Brown had misrepresented the legal effect of the documents.
Brown moved for a summary judgment, supporting his motion with an affidavit wherein he stated that his conduct met the general professional standards observed by other attorneys in his community. Voyager opposed the motion by submitting an affidavit from its president, stating only the following as to Brown's standard of care:
 "The information on which Voyager relied was false and should have been known to the lawyer in exercising a proper standard of care."
The Alabama Legal Services Liability Act, Ala. Code 1975, § 6-5-570 et seq., applies to a legal malpractice action based upon fraud. Leighton Avenue Office Plaza, Ltd. v. Campbell,584 So.2d 1340 (Ala. 1991). Four elements must be proven in a fraud action: (1) There must be a false representation; (2) the false representation must concern a material existing fact; (3) the plaintiff must rely upon the false representation; and (4) the plaintiff must be damaged as a proximate result. CrowneInvestments, Inc. v. Bryant, [Ms. 1920619], 1994 WL 94340 (Ala. 1994). In addition, because this action is based upon a statement of opinion, the plaintiff must prove an actual fraudulent intent to deceive. Reynolds v. Mitchell,529 So.2d 227 (Ala. 1988).
We conclude that the trial court correctly entered the summary judgment in favor of Brown. Brown merely advised Voyager that the documents appeared to be binding and enforceable. Brown did not certify that Chere Newsome placed her signature upon the loan guaranty or that no party to the loan would have a defense to an action based on the loan documents. Had Voyager wanted Brown to advise it regarding the authenticity of the signatures or any other defense, it could have expressly asked him to do so. In addition, at no time has Voyager contended, or proven, that Brown intended to deceive it by expressing the opinion that the loan documents were legally binding. See Reynolds, supra.
When a party opposing a properly supported motion for summary judgment offers no evidence to contradict that presented by the movant, the trial court must consider the movant's evidence uncontroverted, with no genuine issue of material fact existing. Hutchins v. State Farm Mutual Automobile Ins. Co.,436 So.2d 819, 825 (Ala. 1983). Therefore, we conclude that the trial court correctly entered the summary judgment for Brown. That judgment is affirmed.
AFFIRMED.
MADDOX, SHORES and STEAGALL, JJ., concur.
HORNSBY, C.J., concurs in the result.