At approximately 10:30 p.m. on April 11, 1991, Mary E. Shows Moore was driving her car in the northbound lane of Troy Highway, a four-lane, divided highway in Montgomery, Alabama. The weather on that evening was clear. For no apparent reason, Moore suddenly veered through the median and into the southbound lane of the highway. She collided with the side of a tractor-trailer truck owned by Donnell Trucking Company and driven by Jimmy Nolin. Moore was killed in the accident. Subsequently, Jack Shows, Moore's brother and executor of her estate, filed a wrongful death action against Donnell Trucking and Nolin, alleging negligence and wantonness. The trial court entered a summary judgment in favor of Donnell Trucking and Nolin on both the negligence count and the wantonness count.
The dispositive issue is whether Shows produced substantial evidence to defeat Donnell Trucking and Nolin's properly supported motion for summary judgment.
A motion for a summary judgment may be granted only when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P.; Southern Guar. Ins. Co. v. First AlabamaBank, 540 So.2d 732, 734 (Ala. 1989). Once the moving party makes a prima facie showing that no genuine issue of material fact exists, then the burden shifts to the nonmovant to present evidence creating a genuine issue of material fact. Grider v.Grider, 555 So.2d 104 (Ala. 1989). This Court reviews the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Wilma Corp. v. FlemingFoods of Alabama, 613 So.2d 359 (Ala. 1993).
Rule 56 is read in conjunction with the "substantial evidence rule," § 12-21-12, Ala. Code 1975, for actions filed after June 11, 1987. See Bass v. SouthTrust Bank of Baldwin County,538 So.2d 794, 797-98 (Ala. 1989). In order to defeat a defendant's properly supported motion for summary judgment, the plaintiff must present substantial evidence, i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co.of Florida, 547 So.2d 870, 871 (Ala. 1989).
In support of their motion for summary judgment, Donnell Trucking and Nolin submitted numerous documents and presented affidavits from witnesses to the accident. Nolin submitted his own affidavit. Further testimony was submitted from witnesses to the accident, including Jack Claude Tindle and Terrance Martin Hoffman. Tindle viewed the accident from his place of employment, which was located on Troy Highway. Hoffman was driving directly behind the truck when the accident occurred. An affidavit from an investigating police officer was also submitted.
In his affidavit, Nolin stated:
 "Without any warning at all, I saw an automobile driven by the decedent, Mary Evelyn Shows Moore, turn into the side of my truck from the northbound lane of the Troy Highway. She appeared to be travelling very fast when she turned sharply to the left, and collided with the back of my truck, behind the tractor, and at approximately the point of the landing gear on the trailer. I was completely surprised by this accident, and there was nothing I could [have done to avoid] it. I was travelling at or below the speed limit, I was in the right-most lane of the divided highway, and there was no warning whatsoever that this automobile was going to turn into my lane of traffic.
 "I had my headlights on. Although it was nighttime, this was a well-lit area, as there are many street lights on, and everything could be seen very clearly. I saw the car clearly, and I feel sure that she could have seen me easily as well. Just before the actual collision, I lost sight of the car, because it had travelled by me. I felt an impact to the trailer portion of my truck, and did not have any brakes. I felt the bump as the trailer went over the car, and I did my best to stop the tractor-trailer *Page 1012 
rig without jackknifing it, realizing that I had no brakes on the trailer. I pulled the tractor-trailer rig off on the shoulder of the road several hundred feet away from the actual point of impact."
Tindle stated in his affidavit:
 "I witnessed an accident involving an automobile that was northbound on the Troy Highway. The automobile headed northbound made a sharp, left-hand turn across the median and into the path of an oncoming, southbound tractor-trailer. I do not know why the automobile made such a sharp, left-hand turn, or why it hit the truck. I saw the truck travelling southbound in the right-most lane in the highway. It was not being driven erratically, and was not speeding or doing anything wrong. The automobile simply made a left turn, and went directly into the tractor trailer. I saw the automobile headlights 'dip' at the point of impact, and it looked like the truck may have gone over the top of the car."
Hoffman, who was driving a vehicle directly behind the tractor-trailer truck, testified to the following:
 "An automobile was travelling northbound, coming towards us [i.e., toward Hoffman and the truck in front of him], and made a dramatic left-hand turn at probably 30 to 35 miles per hour, directly in front of the truck ahead of me. . . . The car turned very dramatically across the median cut-through, and into the southbound lanes. The automobile travelled directly in front of the truck and the tractor-trailer bounded over the car. The [driver of the] truck did not even have time to press on his brakes. The trailer of the truck bounded over the top of the car. This happened so quickly and without warning that the truck driver did not even have time to put on his brakes. I did see brake lights on the truck at some distance later, as he was trying to stop. The truck did not jack-knife, but he was braking and finally came to a stop approximately around 100 yards away from the actual point of impact. . . ."
 ". . . [Nolin] was not speeding, and it was a clearly lit area of the highway. He was not driving erratically, and simply could not have done anything to avoid the accident."
The police officer who investigated the accident stated the following in his affidavit:
 "I have no reason to believe that the truck was speeding, or was being driven erratically, or that the driver violated any laws or rules of the road. Based upon the point of impact on the tractor-trailer, it is apparent that the automobile struck the tractor-trailer directly behind the tractor. . . . During the impact, the trailer's brakes were disabled because the automobile knocked the brake's air tank off the trailer. . . .
 ". . . No citation or other reprimand was given to the driver of the tractor-trailer rig at the scene, and we felt that he had done nothing wrong to cause the accident."
In opposition to the summary judgment motion, Shows submitted the results of Nolin's alcohol breath test taken after the accident; it showed a .055% reading. The results were not authenticated, and no witness testified to the accuracy of that reading, so the trial court struck that evidence. Shows also produced portions of Nolin's personnel file from Donnell Trucking in an attempt to show that Nolin had once been intoxicated on the job, specifically once while backing up to a loading dock. However, the documents from Nolin's file did not identify Nolin as the driver who had been intoxicated; further, the incident described in those documents had occurred three months after the accident involving Moore. The trial court struck this evidence also. Shows also submitted the police investigative materials relating to the accident.
Shows argues that the summary judgment was improper because, he claims, Nolin had the "last clear chance" to avoid the accident. See Zaharavich v. Clingerman, 529 So.2d 978
(Ala. 1988).
However, Shows produced no evidence that Nolin had an opportunity to avoid the accident through the exercise of reasonable care, as required by the theory of "subsequent negligence," or "last clear chance." Zaharavich, supra. Nolin testified that he *Page 1013 
lost sight of Moore's car as he drove past her and that her car collided with his trailer. The evidence supports Nolin's statement. It appears clear from the evidence presented by Donnell Trucking and Nolin that Nolin could have done nothing to avoid the collision with the vehicle driven by Moore, who, that evidence indicates, swerved across the median and into Nolin's lane for no apparent reason. Simply stated, Donnell Trucking and Nolin made a prima facie showing that Nolin was unable to avoid the accident, and Shows submitted no evidence to the contrary.
Shows further contends that the summary judgment was improper because, he argues, Nolin's breath test and his personnel records indicate that Nolin was acting wantonly at the time of the accident. Again, Shows's argument is without merit. The trial court correctly struck both the test results and the personnel records as inadmissible. Neither the results nor the records were authenticated. As we have noted, Donnell Trucking and Nolin made a prima facie showing that Nolin did nothing to cause the accident and could have done nothing to prevent it. Shows offered no admissible evidence to rebut that showing. Clearly, there is no indication that negligence or wantonness on the part of Nolin caused the accident. See Lynn StricklandSales Service, Inc. v. Aero-Lane Fabricators, Inc.,510 So.2d 142 (Ala. 1987).
When a party opposing a properly supported motion for summary judgment offers no substantial evidence to contradict that presented by the movant, the trial court must consider that evidence uncontroverted, with no genuine issue of material fact existing. Voyager Guaranty Ins. Co. v. Brown, 631 So.2d 848
(Ala. 1993). Further, mere conclusory allegations or speculation that fact issues exist will not defeat a summary judgment motion, and bare argument or conjecture does not satisfy the nonmoving party's burden to offer substantial evidence to defeat the motion. Crowne Investments, Inc. v. Bryant, [Ms. 1920619, October 29, 1993] (Ala. 1993).
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and STEAGALL, JJ., concur.