INGRAM, Justice.
William E. Feley was employed by Diagnostic Health Corporation in January 1992 to find MRI diagnostic centers that could be acquired in exchange for Diagnostic Health Corporation stock. His employment was terminated three months later. He sued Diagnostic Health Corporation and its directors, Russell H. Maddox, Richard M. Scrushy, Larry R. House, and Charles W. Newhall III (hereinafter referred to collectively as “DHC”), alleging breach of employment contract, misrepresentation, minority shareholder oppression, breach of fiduciary duties, breach of a stock option contract, and fraud and misrepresentation in connection with the sale of securities. The trial court entered a summary judgment in favor of DHC on all claims except the claim alleging breach of an employment contract, which is still pending before the trial court. The court made that judgment final pursuant to Ala.R.Civ.P. 54(b). Feley appealed.
Feley met with Russell H. Maddox in mid-January 1992 to discuss his potential employment with DHC. DHC’s business plan was to find MRI diagnostic centers that could be acquired in exchange for DHC stock and then to raise capital through a public stock offering. DHC needed to acquire a minimum of 10 MRI diagnostic centers based on this exchange offer. Feley had previously been working in California on a project similar to the one proposed by DHC. Feley contends that DHC offered him employment for at least one year, an annual salary of $72,000, a $5,000 signing bonus, and $500 per month in automobile allowance. Further, he contends that if he accepted DHC’s offer, he was to receive the right to buy stock in DHC at $2.00 per share, as well as stock options to purchase an additional 50,000 shares of DHC stock at $2.00 per share in the future. He contends that these stock options were not conditioned upon any duration of employment. Feley accepted the offer of employment and moved from California to Alabama. He began work in late January 1992. Feley purchased 12,500 shares of “founders’ stock” at $2.00 per share. Feley’s employment was later terminated, in April 1992. He was never allowed to purchase the additional 50,-000 shares of DHC stock at $2.00 per share.
He sued DHC and its directors, alleging breach of an employment contract, misrepresentation, .minority shareholder oppression, breach of fiduciary duties, breach of a stock option contract, and fraud and misrepresentation in connection with the sale of securities. The trial court entered a summary judgment in favor of DHC on all claims, except the claim alleging breach of an employment contract, which is still pending before the trial court.
On a motion for summary judgment, the burden is initially on the movant to make a prima facie showing that there is no genuine issue of material fact (i.e., that there is no dispute as to any material fact), and that the movant is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P.; McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957 (Ala.1992); Elgin v. Alfa Corp., 598 So.2d 807 (Ala.1992). “The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact.” McClendon, at 958; Elgin, at 810-11.
In support of its motion for summary judgment, DHC produced a schedule of options (“schedule”) which listed employees and directors of DHC, the number of shares they were entitled to purchase, and the time at which their right to purchase vested. The schedule shows that Feley was entitled to purchase 25,000 shares at $2.00 per share at the initial public offering; 12,500 shares at $2.00 per share one year after the initial public offering; and 12,500 shares at $2.00 *29 per share two years after the initial public offering. DHC states that in order to exercise the stock options, the DHC officer or employee had to be employed by DHC at the time of the initial public offering and on the subsequent occasions when the options could be exercised.
DHC also produced the affidavit of director Russell- H. Maddox. Maddox stated that DHC intended to have the stock option plan and that if Feley had remained with the corporation, he would have been eligible to participate. The initial public offering did not occur during Feley’s employment and has yet to occur. He further stated that he made no misrepresentations to Feley.
In response to the motion, Feley offered his affidavit, in which he stated that, as part of his accepting employment, he was to be given the stock options. Feley also presented evidence of a “registration statement” that DHC filed with the Securities and Exchange Commission, stating that the company intended to grant to its employees options to purchase 190,400 shares of common stock at $2.00 per share. Feley’s affidavit also addresses the numerous claims he makes in his complaint. However, the evidence Feley presented tends to support only his breach of employment contract claim (which is still pending) and not the numerous other claims he asserts.
We conclude that on its motion for summary judgment, DHC made a prima fa-cie showing that there were no genuine issues of material fact and that it was entitled to a judgment as a matter of law, and that Feley did not rebut that prima facie showing. When a party opposing a properly supported motion for summary judgment offers no evidence to contradict that presented by the movant, the trial court must consider the movant’s evidence uncontroverted, with no genuine issue of material fact existing. Voyager Guaranty Ins. Co. v. Brown, 631 So.2d 848 (Ala.1993). Further, mere conclusory allegations or speculation that fact issues exist will not defeat a properly supported summary judgment motion, and bare argument or conjecture does not satisfy the nonmoving party’s burden to offer facts to defeat the motion. Crowne Investments, Inc. v. Bryant, 638 So.2d 873 (Ala.1994).
After carefully reviewing the record, and viewing the evidence in the light most favorable to Feley, we conclude that the trial court properly entered the summary judgment for the defendants. Therefore, that judgment is due to be affirmed.
AFFIRMED.
COOK and BUTTS, JJ., concur.
HOUSTON and MADDOX , JJ., concur specially.
SHORES and ALMON, JJ., dissent.