[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14664
_____

D. C. Docket No. 1:11-cv-00036-MHT-CSC

PEOPLESSOUTH BANK,
a Georgia banking corporation,

Plaintiff-Counter Defendant-Appellant,

versus

FARMER & MALONE, P.A.,
an Alabama Legal Professional Association,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(October 16, 2013)

Before PRYOR and ANDERSON, Circuit Judges, and RESTANI,* Judge.

_____
*Honorable Jane A. Restani, United States Court of International Trade Judge, sitting by
designation.

PER CURIAM:

This is an appeal from the judgment of the district court after a bench trial. PeoplesSouth Bank ("Bank") brought a legal malpractice suit against its former attorney, Farmer and Malone, P.A. ("defendant") arising out of the latter's Title Opinion issued in June 2007. The Title Opinion mistakenly failed to list a Timber Lease as an encumbrance. Based on credibility findings, the district court found as a fact that, as of September 15, 2009, the Bank had discovered "facts which would reasonably lead to such discovery" (i.e., discovery of the fact that the Bank had a legal malpractice claim against defendant). Applying Alabama laws, the district court held that the Bank's suit was barred by the statute of limitations.

The Bank appeals asserting several errors on the part of the district court. First, the Bank challenges the foregoing finding of fact as being clearly erroneous. We conclude that the finding is supported by the evidence in the record. Thus, there is no merit in the Bank's challenge to the district court's application of the six months savings clause in Alabama Code section 6-5-574(a) (2005 & Supp. 2012). The Bank was on notice as of September 15, 2009, did not file suit until January 14, 2011, and thus failed to file suit within that statute of limitations.

Second, the Bank argues that fraudulent concealment operated to toll the statute of limitations and triggered Alabama Code section 6-2-3, which the Bank contends would give the Bank two years to file suit after discovery (on September

15, 2009) of the cause of action. We reject this argument on the basis of the district court's finding of fact that the Bank was on notice of the cause of action as of September 15, 2009. The premise of the Bank's fraudulent concealment argument is that, in a telephone conversation on that September 15, when asked by the Bank's President why the Title Opinion did not reveal the Timber Lease, the defendant-attorney answered: because the Title Opinion was limited to 35 years and the Timber Lease was recorded before that. We can assume arguendo (but not decide) that the Bank is correct that that answer was misleading, and might even have constituted fraud. However, the district court found that it was that very telephone conversation on September 15, 2009, which put the Bank on notice that it had a cause of action. Thus, there cannot have been reasonable reliance on the alleged fraudulent statement. See Denbo v. DeBray, 968 So. 2d 983, 991 (Ala. 2006).

Third, the Bank alleges that the 2007 Title Opinion included several alleged misrepresentations.[1] The Bank argued in the district court and on appeal that these misrepresentations were fraudulent and thus triggered Alabama Code section 6-2-3. That statute provides that, in an action seeking relief on the ground of fraud, the claim does not accrue until discovery of the fraud, and the plaintiff would thereafter have two years to bring suit. The district court addressed each such alleged

---

[1] For example, the Bank alleged that the statement in the Title Opinion that the search went back "for a period of thirty-five (35) years" was a misrepresentation because the search actually went back fifty-eight (58) years to a 1949 deed that first vested title to a portion of the property in a grandparent of the present owner.

3

misrepresentation and found as a fact that the Bank had not reasonably relied thereon. We conclude that the district court's findings are supported by the record evidence.

Finally, the Bank makes another claim on appeal which we conclude was not fairly presented to the district court. Although not clearly set forth and elaborated even on appeal, the claim is that the omission of the Timber Lease from the Title Opinion (even though obviously a mere mistake with no intent to deceive) constitutes constructive or "legal fraud" under Alabama Code section 6-5-101, and thus triggers the two-year statute of limitations of Alabama Code section 6-2-3. For the following reasons, we hold that this claim was not preserved for appeal. The "legal fraud" theory was mentioned only in passing in the Bank's filings before judgment, and then only in support of the proposition that the statement that the Title Opinion was "limited to 35 years" constituted "legal fraud." See Doc. 124 at 32-33. As noted, the district court assumed that that representation might have constituted fraud, but found that there was no reliance. Also, the district court at trial expressly asked counsel for the Bank to clarify its:

> contentions for why the Bank is entitled to the two-year tolling of the statute of limitations. The Bank responded with four reasons why § 6-2-3's additional two years apply.

Doc. 140 at 15. The district court examined each of the four asserted grounds on which the Bank relied, and rejected each for lack of reasonable

4

reliance.  We conclude the record supports each finding.  The Bank failed to assert the claim now presented for the first time on appeal.

It is true that, with the magnified perspective of hindsight, one nine-word phrase in a footnote might be stretched to encompass a similar "legal fraud" argument with respect to the Title Opinion's omission of the Timber Lease.  See Doc. 124 at 32 n.16.  That nine-word phrase appeared in a footnote in the Bank's above-mentioned "Proposed Findings of Fact and Conclusion of Law."  The footnote was appended to the text that mentioned "legal fraud" in support of the proposition that there was legal fraud in the representation that the Title Opinion was limited to 35 years.  However, we decline to stretch so far.  Buried thus in a footnote in vague and fleeting words, the district court could hardly be expected to detect the argument.  There was no elaboration of the argument, either factually or legally.[2]  The complaint did not make any such allegation with particularity, see Fed. R. Civ. P. 9(b), nor did the Bank's "Proposed Findings of Fact and Conclusion

---

[2]    For example, if the misrepresentation is opinion, the case law requires an "actual fraudulent intent to deceive."  Voyager Guar. Ins. Co. v. Brown, 631 So. 2d 848, 850 (Ala. 1993).  There was none here at the time of the omission of the Timber Lease.  And if the allegation is the omission or suppression of a material fact, the case law requires that "the defendant actually knows the fact alleged to be suppressed."  Coilplus-Alabama, Inc. v. Vann, 53 So. 2d 898, 909 (Ala. 2010) (quoting Cook's Pest Control, Inc. v. Rebar, 28 So. 3d 716, 726 (Ala. 2009)).  There was no such knowledge here at the time.

of Law" provide such particularity.[3]  For the foregoing reasons, we decline to entertain this argument presented for the first time on appeal.

For the foregoing reasons,[4] the judgment of the district court is

AFFIRMED.

---

[3]    Even the brief on appeal lacks such particularity.

[4]    Other arguments on appeal not addressed in this opinion are rejected without need for further discussion.